UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JOE THORPE,                                  :
          Plaintiff,                      :
                                             :
       v.                                  :     No. 5:21-cv-04261
                                             :
TOWNSHIP OF SALISBURY,                       :
PENNSYLVANIA, *et al.*,                      :
          Defendants.                     :
_____

**O P I N I O N**
**Township Defendants'[1] Motion to Dismiss, ECF No. 10 - Granted**
**Defendant Pochron's Motion to Dismiss, ECF No. 12 - Granted**

**Joseph F. Leeson, Jr.**                                **March 28, 2022**
**United States District Judge**

I.    **BACKGROUND**

On May 4, 2021, in a separate civil action, Plaintiff Joe Thorpe filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Defendants in the above-captioned action, as well as other individuals. *See Thorpe v. Township of Salisbury, Pennsylvania, et al.*, 5:21-cv-02102 (E.D. Pa. May 4, 2021).[2] That case arose from allegedly discriminatory activities in Thorpe's neighborhood and allegedly harassing behavior regarding cut trees and damage to, or the condition of, Thorpe's fence and pool.[3]

---

[1] This Motion was filed on behalf of the Township of Salisbury, Debra Brinton, Sandy Nicolo, and Daniel Sell (hereinafter "Township Defendants").

[2] For purposes of this Opinion, case number 5:21-cv-02102 is referred to as Thorpe's "civil rights complaint."

[3] On March 22, 2022, after review of numerous pretrial motions, this Court dismissed Pochron and another individual not named in the above-captioned action with prejudice, dismissed claims against other individuals without prejudice, and granted the Township Defendants' motion for a more definite statement. Thorpe's amended complaint and more definite statement are due on or before April 15, 2022. *See Thorpe*, No. 5:21-cv-02102.

On September 27, 2021, Thorpe initiated the above-captioned action pursuant to 42 U.S.C. § 1983 alleging that since filing his civil rights complaint, the Township Defendants filed and prosecuted numerous code violations against him in an effort to intimidate, harass, and retaliate in violation of three criminal statutes: 18 U.S.C. §§ 1505, 1512, 1513.[4]  *See* Compl. Att. 3, ECF No. 1.  Thorpe alleges that the Honorable Michael J. Pochron, a Magisterial District Judge in Lehigh County, held hearings on the code violations and issued a bench warrant when Thorpe failed to respond to a summons.  *See id.*  Thorpe alleges that the sole purpose of all Defendants' actions was to tamper with the proceedings regarding his civil rights complaint and to intimidate him.  Thorpe names all Defendants in their official capacities only.  As relief, Thorpe seeks attorneys fees, compensatory and punitive damages, an investigation of the criminal activities, an injunction to stop the harassment, and other injunctive relief.

Defendants have filed Motions to Dismiss, which Thorpe opposes.  *See* ECF Nos. 10-14.  For the reasons set forth below, the Motions are granted.  The claims against Pochron are dismissed with prejudice based on immunity.  The claims against the Township Defendants are dismissed, in part, without prejudice.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(6) Motion to Dismiss - Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). *See also* Fed. R. Civ. P. 8(a) (requiring the

---

[4]     18 U.S.C. § 1505 (Obstruction of proceedings before departments, agencies, and committees); 18 U.S.C. § 1512 (Tampering with a witness, victim, or an informant); 18 U.S.C. § 1513 (Retaliating against a witness, victim, or an informant).

complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). Although the court must liberally construe pro se filings,[5] "a pro se complaint may not survive dismissal if its factual allegations do not meet *Iqbal*'s basic plausibility standard." *Beasley v. Howard*, No. 20-1119, 2021 U.S. App. LEXIS 28041, at *6 (3d Cir. Sep. 17, 2021) (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Additionally, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of proving that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*,

---

[5] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that *pro se* pleadings are to be "liberally construed").

404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

      **B.**      **Section 1983 – Review of Applicable Law**

Section 1983 provides a private cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. "[S]ection 1983 does not create substantive rights; rather it merely provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." *Estate of Smith v. Marasco*, 318 F.3d 497, 505-06 (3d Cir. 2003). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The initial question is therefore "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Donahue v. Gavin*, 280 F.3d 371, 378 (3d Cir. 2002) (internal quotations omitted). Next, the Court determines whether the defendant is a "person acting under color of state law." *See Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (holding that "whether the defendant is a state actor — depends on whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself" (internal quotations omitted)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (explaining that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office").

      **C.**      **Immunity – Review of Applicable Law**

"[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

"Individual state employees sued in their official capacity are [] entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). *But see O'Callaghan v. X*, 661 F. App'x 179, 182 (3d Cir. 2016) (holding that "the Eleventh Amendment does not generally bar prospective declaratory or injunctive relief" if the plaintiff alleges sufficient facts that it is "substantially likely that he would suffer future injury"). Although a state can waive immunity, "Pennsylvania has not waived its immunity under Section 1983." *Bartlett v. Kutztown Univ.*, No. 13-4331, 2015 U.S. Dist. LEXIS 21665, at *38 (E.D. Pa. Feb. 23, 2015).[6]

As to individual-capacity claims, a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). Judicial immunity may only be overcome in two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;" and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. An act by a judge is "judicial" if the act "is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.* at 356.

---

[6] *See* 1 Pa. C.S.A. § 2310 (The "Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."); 2 Pa. C.S. § 8522(b) (listing the nine areas in which immunity has been waived).

## III.   DISCUSSION

### A.   Judge Pochron is immune from suit and is dismissed with prejudice.

Pochron has filed a Motion to Dismiss arguing that he is protected by Eleventh Amendment immunity and judicial immunity, that he is not a "person" within the meaning of § 1983, and that Thorpe fails to state a claim.

Pochron is only named in his official capacity and is therefore not a "person" under § 1983.  Additionally, the claims against him are barred by Eleventh Amendment immunity.[7]  He is also protected in his individual capacity by absolute judicial immunity.  Holding hearings and issuing warrants for failure to respond to a summons, which are the allegations against Pochron, are judicial acts for which he is immune.  *See Figueroa v. Blackburn*, 208 F.3d 435, 444 (3d Cir. 2000) (reasoning that presiding over cases, finding a party in contempt, and ordering a party to jail are judicial acts, regardless of whether the judge's determinations are right or wrong). Regardless of Thorpe's allegations that Pochron intended to harass, intimidate, and retaliate against him, Pochron did not act in the complete absence of jurisdiction.  *See Mireles*, 502 U.S. at 12 (concluding that the judge, who ordered police officers "to forcibly and with excessive force seize and bring plaintiff into his courtroom" acted in his judicial capacity and was immune from suit); *Gochin v. Haaz*, No. 16-5359, 2017 U.S. Dist. LEXIS 199210, at *16-18 (E.D. Pa. May 10, 2017) (determining that even if the allegations the defendant-judge accepted bribes to

---

[7]   Although "the Eleventh Amendment does not generally bar prospective declaratory or injunctive relief," *O'Callaghan v. X*, 661 F. App'x 179, 182 (3d Cir. 2016), § 1983 precludes injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable," 42 U.S.C. § 1983.  Thorpe does not allege that a declaratory decree was violated or that declaratory relief is unavailable, nor does he seek injunctive relief to address any actions of Pochron other than those taken in his judicial capacity.  *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (holding that the claim for injunctive relief against the judge was barred).

rule in favor of a particular party were true, the judge was entitled to immunity because the issuance of orders was a core judicial function and not done in the clear absence of all jurisdiction).

Consequently, Pochron is dismissed with prejudice as leave to amend would be futile.[8]

### B. The claims against the Township Defendants are dismissed without prejudice with leave to file an amended complaint alleging a retaliation claim only.

The Township Defendants move to dismiss the Complaint for failure to state a claim, arguing that § 1983 does not create substantive rights and the statutes Thorpe relies upon are criminal statutes that create no private cause of action. Thorpe, who cites 18 U.S.C. §§ 1505, 1512, 1513 in his Complaint, responds that 18 U.S.C. § 1514[9] gives him such rights.

Contrary to Thorpe's argument, § 1514 does not create a private right of action, nor does it authorize private persons to apply for relief under the statute. *See Blackmon v. Escambia Cty. Sch. Bd.*, 568 F. App'x 848, 850 (11th Cir. 2014) (concluding that 18 U.S.C. § 1514 "creates no private right of action"); *In re Walsh*, 229 F. App'x 58, 61 (3d Cir. 2007) (determining that the plaintiff's reliance on 18 U.S.C. § 1514 for relief was misplaced). Rather, § 1514 allows a federal district court, "*upon application of the attorney for the Government*, [to] issue a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case . . . ." 18 U.S.C. § 1514(a) (emphasis added). Similarly, §§ 1505, 1512, and 1513 of Title 18 United States Code do not provide a private right of action. *See Harlow v. Fitzgerald*, 457

---

[8] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that although a pro se plaintiff should normally be given an opportunity to file a curative amendment, leave to amend need not be granted where an "amendment would be inequitable or futile"); *Jones v. Del. Health*, 709 F. App'x 163, 164 (3d Cir. 2018) (holding that because the plaintiff's action was barred by the Eleventh Amendment, any attempt to amend would be futile); *Brown v. Daniels*, 290 F. App'x 467, 474-75 (3d Cir. 2008) (concluding that an amendment would be futile because the defendants were entitled to absolute immunity).

[9] 18 U.S.C. § 1514 (Civil action to restrain harassment of a victim or witness)

U.S. 800, 829 (1982) (holding that "18 U.S.C. § 1505, is a criminal statute . . . [it does not] expressly create[] a private right to sue for damages"); *Akil Rashidi Bey ex rel. Graves v. Richmond Redevelopment & Hous. Auth.*, No. 3:13CV464-HEH, 2013 U.S. Dist. LEXIS 112835, at *13 (E.D. Va. Aug. 8, 2013) (holding "18 U.S.C. §§ 1503, 1505, 1512, 1513, and 1514 are criminal statutes with no private cause of action"). These federal criminal statutes must be prosecuted by the federal government. *See Mathis v. Phila. Elec. Co.*, No. 14-2234, 2015 U.S. Dist. LEXIS 184328, at *11 (E.D. Pa. July 31, 2015) ("Violations of federal criminal statutes that do not provide a private right of action . . . must be prosecuted by the federal government."), *aff'd* 644 F. App'x 113, 116 (3d Cir. 2016). Furthermore, "criminal claims fail to state a cause of action under § 1983, as individual citizens do not have a constitutional right to the prosecution of alleged criminals." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009); *Concepcion v. Resnik*, 143 F. App'x 422, 425-26 (3d Cir. 2005) (finding that the plaintiff lacked standing to pursue criminal charges against the defendants).

All claims against the Township Defendants are therefore dismissed. Leave to amend to state a claim based on the criminal statutes would be futile and any claim based on this theory of liability is dismissed with prejudice. Nevertheless, this Court cannot conclude after liberally construing the Complaint that Thorpe will be unable to amend to state a cognizable claim under a different theory of liability, namely: First Amendment retaliation.

The Complaint alleges that the Township Defendants "retaliated" against Thorpe for filing the civil rights complaint. These allegations, when liberally construed, have the hallmark of a First Amendment retaliation claim. To state a claim for retaliation under the First Amendment, the plaintiff must show: (1) he was engaged in constitutionally-protected conduct; (2) he suffered an adverse action that was sufficient to deter a person of ordinary firmness from

exercising his constitutional rights; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *See Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001).

Thorpe's allegations satisfy the first element because "the right of access to the courts is protected by the First Amendment." *Bristow v. Clevenger*, 29 F. App'x 813, 815 (3d Cir. 2002); *Thomas v. Brinich*, No. 1:12-CV-1539, 2014 U.S. Dist. LEXIS 31583, at *11 (M.D. Pa. Mar. 12, 2014) (determining that the plaintiff's allegation that he was retaliated against for pursuing litigation against the prison-defendants "implicates conduct protected by the First Amendment sufficient to satisfy the first prong of the *Rauser* test").

The Complaint also includes allegations, while insufficient, that relate to the second element of a First Amendment retaliation claim. To satisfy the second element, "the alleged retaliatory action must be sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment rights." *Bullock v. Buck*, 611 F. App'x 744, 747 (3d Cir. 2015) (internal citations and quotations omitted). Thorpe alleges that he suffered an adverse action in the nature of code violations. However, the mere fact that he had initiated a civil rights complaint "does not immunize [him] from penalties for violating Borough Ordinances, nor does it automatically give rise to a constitutional violation for any subsequent adverse municipal actions against him." *Mayer v. Gottheiner*, 382 F. Supp. 2d 635, 659-60 (D.N.J. 2005). *See also Bolick v. Ne. Indus. Servs. Corp.*, No. 4:14-CV-00409, 2015 U.S. Dist. LEXIS 165736, at *46 n.6 (M.D. Pa. Dec. 9, 2015) (same), *adopted* 2016 U.S. Dist. LEXIS 187084, at *2 (M.D. Pa. Feb. 2, 2016). Thorpe fails to present any factual allegations about the number, timing, and nature of the violations to show the violations were "sufficiently" adverse. Thorpe was not himself deterred as evidenced by the instant action, nor has he alleged any facts to show that a

person of ordinary firmness would have been deterred by the Township Defendants' alleged conduct.  *Cf. Banda v. Corniel*, 682 F. App'x 170, 173-74 (3d Cir. 2017) (finding that even though the plaintiff was not actually deterred from continuing to file grievances (the protected activity), actual deterrence is immaterial as the question is whether a person of ordinary firmness would have been deterred) *with Monroe v. Phelps*, 520 F. App'x 67, 71 (3d Cir. 2013) (agreeing with the district court that the plaintiff, who continued to file grievances (the protected activity), was not subject to adverse actions of the type that would deter a prisoner of ordinary firmness from exercising his constitutional rights).

Finally, the Complaint includes conclusory allegations, which are inadequate, that link the Township Defendants' actions to his civil rights complaint.  Specifically, Thorpe alleges that the Township Defendants' actions occurred on "[v]arious dates beginning after May 4, 2021 when Plaintiff filed a Civil Rights complaint against Defendants" and were done "in an effort to . . . retaliate against [him]."  *See* Compl. 4 and Att. 3.  Without details as to when the code violations were filed or any other evidence linking them to the civil rights complaint; however, Thorpe has failed to show a causal connection between the two.  *See Thomas v. Vuksta*, 481 F. App'x 33, 34 (3d Cir. 2012) (finding that the plaintiff failed to present sufficient allegations of a causal connection between his previous lawsuits and his ongoing treatment); *Bolick*, 2015 U.S. Dist. LEXIS 165736, at *46 n.6  (recommending dismissal of a retaliation claim based on the defendant's issuance of an ordinance violation ticket because the plaintiff presented conclusory allegations of retaliatory intent and finding that, given the "sheer number of claims" the plaintiffs initiated against the municipal defendants in recent years, "it would be impractical to assume a retaliatory motive for any adverse municipal actions that happen to fall in close proximity to the

[plaintiffs'] latest filing"), *adopted* 2016 U.S. Dist. LEXIS 187084, at *2 (dismissing the complaint).

Accordingly, this Court finds that after liberally construing the Complaint, Thorpe has attempted to state a First Amendment retaliation claim. Because the allegations are insufficient, the claim is dismissed. Dismissal of the First Amendment retaliation claim is without prejudice because given the lack of detailed factual allegations, this Court is unable to conclude that leave to amend would be futile.

### C. Thorpe is given leave to file an amended complaint as to a First Amendment retaliation claim, only.

As discussed herein, Thorpe may not base a § 1983 complaint on the alleged violation of criminal statutes. To the extent he intends to pursue a retaliation claim under the First Amendment, however, Thorpe is given leave to file an amended complaint.

Thorpe is advised that his "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). It must be a new pleading which stands by itself without reference to the original complaint. *Id.* The amended complaint must include specific factual allegations as to each of the Township Defendants and each of the elements of a retaliation claim.[10] It "may not contain conclusory allegations[; r]ather, it must establish the

---

[10] Thorpe is also advised that to bring a claim against the Township, he must identify a custom or policy that caused the deprivation of his rights or show that the individual Defendants were policymakers. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (A "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (holding that "municipal liability under § 1983 attaches where -- and only where -- a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.").

existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The amended complaint must be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 8(e)(1)).

## IV. CONCLUSION

Thorpe's claims against Pochron are dismissed with prejudice because he is immune from suit. The claims against the Township Defendants are also dismissed, but partially without prejudice. Criminal statutes cannot form the basis of a § 1983 claim and all claims based on this theory are dismissed with prejudice because an amendment would be futile. Thorpe's allegations, when liberally construed, also present a First Amendment retaliation claim. The allegations as pled are insufficient, but Thorpe is granted leave to file an amended complaint to allege additional facts in support of a First Amendment retaliation claim.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge